UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOUSSA DIARRA, <br><br> Plaintiff, <br><br> -against- <br><br> UNITED STATES GOVERNMENT, OFFICERS, AGENCYS, EMPLOYEES, OR CORPORATIONS, <br><br> Defendants. | 21-CV-7525 (LTS) <br><br> TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently held as a pretrial detainee in the DeKalb County Jail in Decatur, Georgia, brings this *pro se* action under 42 U.S.C. § 1983. He alleges a conspiracy to violate his rights. For the following reasons, the Court transfers this action to the United States District Court for the Northern District of Georgia.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff asserts a "conspiracy to commit murder" by federal and state officials. (ECF 2 at 4.) He also alleges that he is being denied medical care at the facility where he is detained.

Because Plaintiff does not allege that any defendant resides in this district or that a substantial part of the events or omissions giving rise to his claim arose in this district, venue is not proper in this Court under section 1391(b)(1), (2). Plaintiff's claims arose at the DeKalb County Jail in Decatur, Georgia, which is located in the Northern District of Georgia. *See* 28 U.S.C. § 90(a)(2). Accordingly, venue lies in the Northern District of Georgia, 28 U.S.C. § 1391(b)(2), and the Court transfers this action to the United States District Court for the Northern District Georgia, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Northern District of Georgia. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[1] A summons shall not issue from this Court. This order closes this case.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[1] Plaintiff is barred under 28 U.S.C. § 1915(g) from filing any new federal civil action *in forma pauperis* (IFP) while a prisoner. *See Diarra v. Trump*, No. 21-CV-0287 (M.D. Ga. Aug. 13, 2021) (listing strikes). But because it is unclear whether Plaintiff is facing an "imminent danger" at the DeKalb County Jail, this Court defers to the transferee court a determination as to whether he satisfies the statutory exception to that filing bar. *See* § 1915(g) (permitting a prisoner barred from filing a federal civil action IFP to proceed IFP if he "is under imminent danger of serious physical injury").

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   September 21, 2021
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                    Chief United States District Judge